His Honor, EMILE GODCHAUX,
rendered the opinion and decree of the Court, as follows:
*236 There can he no question as to plaintiff’s right to recover damages for the unwarranted trespass committed by defendant. For the evidence is uneontradicted that defendant’s employees, acting under its instructions, and without the consent, knowledge or authority of plaintiff or his wife, and during their absence, unlawfully entered their home and carried away a piano which they had purchased from defendant on the installment plan. In order to collect the past due installment of the price, defendant deliberately took the law in its own hands instead of resorting to the process provided by law for enforcing payment.
The trial Court properly ordered the return of the piano and recognized defendant’s claim and privilege for the balance of the purchase price; but it was an error not to have condemned defendant in damages for its unlawful trespass and conversion. Though'the act was not accompanied by violence it should nevertheless be the subject of judicial condemnation; and we are of opinion that, considering that plaintiff’s home has been invaded and that he has now been deprived of the use of the piano since July, 1914, an award of $200 damages is justifiable.
Thompson vs. Coupland, 6 Ct. of App., 403.
Gerstner vs. Crescent Ice Co., 8 Ct. of App., 209.
Washington vs. Singer Sewing Machine Co., No. 5850 of our docket.
Greenlee vs. Singer Sewing Machine Co., No. 5851 of our docket.
Bettis vs. Singer Sewing Machine Co., No. 5852 of our docket.
Evans vs. Grunewald Piano Co., No. 6173 of our docket.
Act 62 of 1877, E. S., p. 102.
*237 Opinion and decree, February 28th, 1916.
The case of Jenks vs. Home Co., 34 A., 1241, is inapplicable, for as was said in Van Wren vs. Flynn, 34 A., 1158, the trespass and removal were accomplished with plaintiff’s knowledge and consent.
The judgment is accordingly reversed in so far as it rejects plaintiff’s claim- for damages and it is now decreed on that score that plaintiff have judgment against defendant for $200, with legal interest from date until paid, the costs of the trial 'Court on the main demand ■-and all costs of this appeal to be borne by defendant, and the costs of the trial Court on the reconventional demand to be paid by plaintiff, and as thus altered and amended the judgment in all other respects is affirmed.
Reversed in part.